```
ALEXANDER B. CVITAN (CSB 81746),
J. DAVID SACKMAN (CSB 106703),
PETER A. HUTCHINSON (CSB 225399), Members of
REICH, ADELL & CVITAN
A Professional Law Corporation
3550 Wilshire Blvd., Suite 2000
Los Angeles, California 90010-2421
Telephone: (213) 386-3860
Facsimile: (213) 386-5583
E-mail: alc@rac-law.com; jds@rac-law.com; peterh@rac-law.com
```

NO JS - 6

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>POUK & STEINLE, INC., a California Corporation,<br><br>Defendant.<br><br>_____ | CASE NO. CV-08-1979 R (VBKx)<br><br>PLAINTIFF'S [~~PROPOSED~~] ORDER GRANTING PARTIAL SUMMARY ADJUDICATION AND JUDGMENT THEREON<br><br>[Fed. R. Civ. P. 56(d)]<br><br>DATE: December 15, 2008<br>TIME: 10:00 a.m.<br>PLACE: Courtroom 8<br>   312 North Spring St.<br>   Los Angeles, CA<br><br>DISCOVERY CUT-OFF:<br>   January 12, 2009<br><br>MOTION CUT-OFF:<br>   None<br><br>FINAL PRE-TRIAL CONFERENCE:<br>   January 26, 2009<br><br>TRIAL:<br>   March 10, 2009 |

Having heard the plaintiff's motion for partial summary adjudication, and after considering all of the evidence and argument presented by the parties, the Court **HEREBY GRANTS PLAINTIFF'S MOTION FOR PARTIAL SUMMARY ADJUDICATION** pursuant to Federal Rule of Civil Procedure 56(d). Specifically:

1. The Court finds certain facts to be without substantial controversy, and makes conclusions of law based on those facts, as stated in the Statement of Uncontroverted Facts and Conclusions of Law issued by the Court concurrently with this order and judgment. **IT IS HEREBY ORDERED** that the Uncontroverted Facts shall be deemed established for purposes of trial (or other dispositive hearing), and that the Uncontroverted Facts and Conclusions of Law shall be binding on further proceedings in this case, through trial (or other dispositive hearing).

2. Summary adjudication **IS HEREBY GRANTED** as to the liability of the defendant, Pouk & Steinle, Inc., a California corporation (hereinafter "POUK & STEINLE"), for unpaid fringe benefit contributions and related damages to the employee benefit plans on whose behalf the plaintiff, Construction Laborers Trust Funds for Southern California Administrative Company, LLC (hereinafter "ADMINCO"), brings this action, as more fully set forth in the Court's Statement of Uncontroverted Facts and Conclusions of Law. In granting summary adjudication as to liability, the Court specifically finds that: (1) POUK & STEINLE is in violation of the terms of the collective bargaining and trust agreements at issue in this action and of Employee Retirement Income Security Act (ERISA) § 515, 29 U.S.C. § 1145; and (2) ADMINCO is thus entitled to relief under both those collective bargaining and trust agreements, and ERISA § 1132(g)(2), including an award of unpaid fringe benefit contributions, interest, liquidated damages, audit costs and reasonable attorneys' fees and costs.

3.   Summary adjudication **IS HEREBY FURTHER GRANTED** as to the obligation of POUK & STEINLE to fully produce its records to ADMINCO in unredacted form for audit.  Specifically, POUK & STEINLE is **HEREBY ORDERED** to within fourteen (14) days of entry of this order submit to a full audit by ADMINCO, and to fully cooperate with ADMINCO with respect to the audit in order for ADMINCO to determine the total amount due to by POUK & STEINLE to the trust funds on whose behalf ADMINCO brings this action, as well to determine the identity of the employees entitled to credits toward fringe benefits, and, specifically, to produce to ADMINCO the following payroll and business records – and any other records determined by ADMINCO to be necessary to conduct a full audit – in unredacted form for inspection, examination and copying:

- POUK & STEINLE's certified payroll records for the "Project" described in the  Statement of Uncontroverted Facts and Conclusions of Law issued by the Court concurrently with this order and judgment.

- POUK & STEINLE's payroll register for the time period covered by the certified payroll (and any additional time period during which POUK & STEINLE performed work on the Project).

- All other documents evidencing work performed by POUK & STEINLE on the Project, or from which an estimate can be made of the amount of work performed by POUK & STEINLE on the Project that is covered by the MLA.

4.   Since the amount of fringe benefit contributions and related damages due by POUK & STEINLE is not yet clear from the record, the issue of damages remains to be determined (at trial, at other dispositive hearing, or by stipulation of

1  the parties). When the amount of damages owed by POUK & STEINLE is
2  liquidated, Judgment shall be entered for the delinquent contributions, interest,
3  liquidated damages, audit costs, and attorneys' fees and costs, pursuant to ERISA
4  § 502(g)(2), 29 U.S.C. § 1132(g)(2). The amount of fees and costs shall be
5  determined pursuant to motion, in compliance with Federal Rule of Civil Procedure
6  54(d)(2), and Local Rule 54-12.

8  **SO ORDERED AND ADJUDGED:**

10 DATED:  December 15, 2008
        _____
        Hon. Manuel L. Real
        United States District Court Judge

13 Submitted By:

14 ALEXANDER B. CVITAN
   J. DAVID SACKMAN, and
15 PETER A. HUTCHINSON, Members of
   REICH, ADELL & CVITAN

17 By: _____
            PETER A. HUTCHINSON